BUCHANAN & SMOCK LUMBER COMPANY, PLAINTIFF-RESPONDENT, v. FANNIE F. EINSTEIN, OWNER, DEFENDANT-APPELLANT.

Argued June 25, 1914—Decided March 9, 1915.

1. The policy of the law does not favor forfeitures, and the provision in section 16 of the Mechanics' Lien act, which invalidates the entire claim if the bill of particulars shall "willfully or fraudulently" misstate any of the matters directed to be included therein, is to be construed strictly.

2. Whether the omission of an item of credit in the bill of particulars of a mechanics' lien was or was not "willful or fraudulent" is a question of fact depending upon the peculiar circumstances of each case; and where the trial judge, sitting as a jury, finds as a fact that it was not, and there is evidence to support him, the finding will not be disturbed.

3. Where there is evidence tending to show "diligent prosecution" of a mechanics' lien claim within the year prescribed by the statute, the question whether it was, "diligently prosecuted" becomes one of fact, and the finding of the trial judge, sitting as a jury, that in fact the claim was diligently prosecuted within the year, will not be disturbed.

4. Where there is no diligent prosecution the lien itself falls at the end of the year in the absence of a court order within the year extending the time; but where in fact there was diligent prosecution within the year, the lien does not of itself fall at the expiration of the year, and a court order extending the time, or an actual trial of the cause, is in time although after the termination of the year, provided it takes place before an order discharging the lien shall be made by the court because of failure of diligent prosecution whether wholly or partially within, or wholly or partially without the year. Following *Ennis* v. *Eden Mills Paper Co.*, 65 *N. J. L.* 577.

---

On appeal from the judgment of the Circuit Court of Passaic County rendered by Mr. Justice Black, before whom the cause was tried without a jury.

For the appellant, *McDermott & Enright.*

For the appellee, *Patterson & Rhome.*

The opinion of the court was delivered by

WHITE, J.   By virtue of the Mechanics' Lien laws of this state a materialman, who, upon proper order, furnishes material to and for the construction of a building which is being erected by, or under a contract with, the owner, is entitled, upon complying with the provisions of these laws, to look to such building for payment.   In order that there may be no resultant unfairness to the owner, a method is also provided which, if pursued, enables the owner to require that the fund in his hands due and becoming due the contractor under the contract, be substituted for the building in answering such claims.   These laws, being the law of the land, and constituting, as was said by Chief Justice Depue, in *Johnson* v. *Algor,* 65 *N. J. L.* 363, 366, a policy "to make every building and lot on which it is erected liable to a lien for work done upon it, and for materials furnished for the erection and construction of the building," are in effect written into and become a part of all contracts for building to which they may apply, with the same effect as if actually incorporated in express terms.

It is claimed here that the plaintiff, a materialman, has forfeited his right to be paid for materials furnished to defendant's building under these laws, because it is alleged he has been guilty of an attempted fraud in "willfully or fraudulently" presenting a claim for more than was due him. I take it that the only justification for such a forfeiture must be found in the provisions of the statute itself, and that apart from these provisions, the effect of claiming more than due, whether done willfully or otherwise, would, as in claims for other debts, be limited to defeating the excess claimed, and would not work a forfeiture of the honest debt.

The Mechanics' Lien act, however, having in view the difficulties of the owner in adequately auditing accounts as to which he presumably has no personal knowledge, has seen fit to provide for just such a forfeiture where a claimant shall in his claim "willfully or fraudulently" misstate matters required by the act to be stated therein. I take it that this provision, like others involving a forfeiture, should be strictly construed, and that the element of *intended fraud,* which alone forms the justifiable basis for the forfeiture provision, must clearly appear before the punishment can properly be inflicted.

In the present case the circumstance relied upon to deprive the materialman of his right to payment of the amount actually due him, is his failure, in the bill of particulars forming part of his claim as filed, to give credit for an alleged payment of $250 received by him from the contractor.

The facts were as follows: The contractor gave a note to the materialman, the plaintiff, for $1,000, which the latter credited, $500 on the account against defendant's building, and $500 on the account against another building (Stahle's) for which the same contractor had also purchased material from the plaintiff. Subsequently, the contractor paid $500 on account of this $1,000 note, and the plaintiff applied all of this payment to the portion of the note which he had credited on the Stahle contract, and none of it to the portion which he had credited to defendant's building. The remaining $500 of the note was never paid, and when, after the

contractor's failure, plaintiff filed his lien against the Stahle building, he credited the entire $500 payment on his claim against that building. The learned trial judge held that defendant was entitled to have this $500 payment applied one-half to each building, instead of being credited entirely on one, and he, therefore, reduced the plaintiff's claim by this item of $250 in giving judgment in his favor, but he in effect found as a fact (the case was tried without a jury) that the plaintiff had not "willfully or fraudulently" misstated the proper amount of credit within the meaning of the act. This finding we think was amply justified by the evidence. There is no intimation that in crediting the entire $500 payment to the portion of the $1,000 note which had been credited to the Stahle building, the plaintiff was actuated by any ulterior motive. Nothing appears to indicate that he did not think he was entirely within his rights in so doing, as, of course, ordinarily and in the absence of subsequent complications caused by the contractor's failure, he was. When he filed his mechanics' lien against the Stahle building, he credited the entire $500 payment on that account and as a result must doubtless lose the $250 now deducted from his claim in this case. The defendant's right to have this $250 credit is, at most, in the nature of an equitable one, and it would be a strange equity which would enable her, under the circumstances, not only to cause the plaintiff a loss of his $250 because of his honest mistake, but also to forfeit his entire legal and honest claim against which she has no equity whatsoever.

A similar claim is made with reference to freight payments amounting to $30, made by the contractor or the owner, whereas the contract required the delivery of the material to the building by the plaintiff. The custom, however, appears to have been the usual one, for the contractor to pay the freight bills upon the cars of material as received, and then to set up such payments as claims for allowance against the materialman's bills when rendered; and it did not appear that the plaintiff had received any notice or claim that these freight claims were outstanding when he filed his lien. He conceded the claims at once when they were called to his

attention at the trial, and the trial judge was, in our opinion, quite right in holding, as he did, that there was no "willful or fraudulent" misstatement with regard to these.

It is urged that the decisions in stop notice cases conflict with this view. This is not so, because those decisions do not refer to the "willful or fraudulent" misstatement provision of the act, but, as was pointed out in *Kirkland* v. *Moore*, 40 *N. J. Eq.* 106, depend upon the statutory prerequisite to the filing of a stop notice, that the contractor must have wrongfully refused to honor the materialman's demand of payment, which refusal would not be wrongful if the demand were excessive.

The defendant's principal contention, however, is that the plaintiff has lost his lien by failure to prosecute it diligently within the year, as required by the statute. As was said in *Ennis* v. *Eden Mills Paper Co.*, 65 *N. J. L.* 577, "Diligence and negligence are relative terms, and depend upon varying circumstances," and in that case, although the claimant, after filing his claim, issuing and serving his summons (having the time of its issuance duly endorsed on the lien claim), and filing his declaration, all within the four months, had done nothing further in the prosecution of the claim for more than a year after the summons was issued, he was nevertheless held to have prosecuted diligently, because a receiver having been appointed for the owner on the day the summons issued, the entry of judgment in claimant's suit, while it might have been done, would not properly have seemed necessary to an ordinarily prudent man, as the Court of Chancery, through its officer, the receiver, was in charge of the assets and might be expected to marshal them according to the priority of the claims against them.

We think that in the present case there was before the trial court proof of a diligent prosecution within the meaning of the statute. After complying with all the prior requisite steps, as in the Ennis case, and after the case was put at issue, the plaintiff noticed it for trial for the next term of court, and it would then have been tried had not a continuance been granted *upon defendant's application,* as a result of an

engagement of defendant's counsel, which, while not in another court, was sufficiently momentous to move the courtesy of the court and opposing counsel. Again the case was noticed within the year, and the trial was commenced, but a juror was withdrawn upon its seeming desire to amend the pleadings. There was one more term of court within the year and it seems that the case was not noticed for that term, and it is this failure of plaintiff to notice the case at this third term which is now set up as a bar to his lien. We do not think it is a sufficient default, in view of his persistent diligence before and of defendant's participation in the cause for prior delay, to constitute a substantiation of a charge of failure to prosecute diligently.

This view disposes of the further claim that the lien expired at the end of the year because an order for an extension of time to prosecute was not procured from the court before the end of the year. The case of *Ennis* v. *Eden Mills Paper Co., supra,* established the construction of the act that where there was a diligent prosecution within the year the extending order was in time, although not applied for and procured until after the year had expired. This view necessarily rests on the assumption that the diligent prosecution, although not resulting in judgment within the year, nevertheless prevents the lien from in itself expiring with the year, and leaves it open for further diligent prosecution either under express extension of time by a court order, as in the Ennis case, or by a tacit extension by a trial of the case at an early time after the end of the year, as in this case.

In the absence of diligent prosecution within the year, it would seem from the language of the act and as a result of the Ennis case, that the lien would fall of itself with the expiration of the year unless prior to that time the court should grant an extension of time; but where, as here, diligent prosecution within the year is established, the lien does not terminate with the expiration of the year, but continues, unless discharged by an order of the court (the making of which order for lack of diligent prosecution, is always within the discretion of the court after the year is up) until either

with or without an extension of time, it shall, as a result of diligent prosecution, be tried or otherwise disposed of by the court.

We have examined the other assignments of error, but deem them without merit.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, TRENCHARD, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 10.

*For reversal*—SWAYZE, PARKER, BERGEN, WILLIAMS, JJ. 4.