Buchanon & Smock Lumber Co. v. Dougherty.    *88 N. J. L.*

BUCHANON & SMOCK LUMBER COMPANY, RESPONDENT,
v. HENRIETTA G. DOUGHERTY, APPELLANT.

Submitted July 6, 1915—Decided January 28, 1916.

1. The clause in the Mechanics' Lien act providing that "if such claimant shall fail to prosecute his claim diligently within one year from the date of the issuing of such summons or such further time as the court may by order direct, such lien shall be discharged," contemplates the reduction of the lien to judgment within that time if "diligent prosecution" will accomplish that result.

2. The burden is on the mechanic's lien claimant to excuse his failure to reduce his lien to judgment within the year. To permit the year to expire without either a judgment or an extension-of-time order from the court is a most dangerous proceeding. *Prima facie,* such a lien should be discharged at any time after the expiration of the year upon application to the court.

3. Where there was no judgment nor any extension-of-time order within the year, and no adequate proof of diligent prosecution within that time the lien should, upon application to the court, be discharged.

4. A finding by the trial court, sitting without a jury, of "diligent prosecution," expressly based upon an erroneously conceived subsequent waiver and unsupported by sufficient evidence of "diligent prosecution," will be disregarded by this court, and a judgment will be directed to be entered discharging the lien.

5. The "diligent prosecution" duty does not end with the year, but continues also at all times thereafter until the lien shall be reduced to judgment. A lien diligently prosecuted within the year, but not reduced to judgment nor supported by an extension-of-time court order, upon application to the court should be discharged for a failure to prosecute diligently after the expiration of the year.

On appeal from the Essex County Circuit Court.

For the appellant, *Robert M. Boyd, Jr.*

For the respondent, *Patterson & Rhome (Walter Taylor* on the brief).

The opinion of the court was delivered by

WHITE, J. This is a mechanic's lien case. The point involved is the "diligent prosecution" of the lien within the

requirements of the Mechanics' Lien act. The lien was filed and the summons issued April 6th, 1912. The declaration was filed May 15th, 1912, and the pleas, June 4th, 1912. The case was noticed for trial August 10th, 1912, for the September term, and on December 9th for the December term, 1912. It was not noticed for the next term, nor was it again noticed for trial until March 5th, 1914. It was noticed July 21st, 1914, and was tried October 16th, 1914. The docket shows the filing on April 23d, 1913, of two letters from counsel, from which it appears that the case, although not noticed, did appear on the list for that term and that defendant's counsel said: "I do not expect to object to its remaining listed as it now is." With one exception there is no explanation of any character as to why the case was not tried at any of the terms when noticed for trial nor of why for over a year it was not even noticed for trial. The one exception is that the case was continued in the April term, 1914, on the application of counsel for appellant because it suddenly became necessary for him to issue a commission to take the testimony of a material witness, the builder, who unexpectedly moved out of the state and whose testimony was so taken and read at the trial at the next term, in October. The trial, by consent, took place before the trial judge without a jury. Upon the case being called and before the trial commenced, counsel for the appellant moved for an order discharging appellant's property from the lien on the ground of lack of due diligence in the prosecution of the claim "within one year as required by the statute and decisions." This motion the trial judge refused in the following language: "I am inclined to think there has been no lack of diligence, in view of the admission of counsel that in the year 1914 application was made by the defendant to postpone this case on account of the absence of a material witness." To this ruling objection was made, and it is made the ground of the present appeal.

We think the motion should have been allowed and the lien discharged.

The clause in the Mechanics' Lien act fixing the one-year period contemplates the reduction of the lien to judgment

within that time if diligent prosecution will accomplish that result. Until prosecuted to judgment the lien is *ex parte* and arbitrary, and in view of this extraordinary feature, and of the disadvantage under which the owner naturally labors in defending against a stale, unjust claim, founded upon a contract to the terms of which he is usually an entire stranger, the one-year limitation prescribed by the act should be strictly enforced unless the claimant is able to set up a most excellent demonstration that it was not only not because of any fault of his, but in spite of the exercise of at least ordinary diligence on his part that he failed in that time to reduce his' *ex parte* lien to the litigated lien embodied in a judgment. The burden is on the claimant to excuse his failure to get a judgment within the year. If he allows the year to pass without judgment, and without a court extension-of-time order procured within the year, he does so at his peril. If he is afterwards able to convince the trial judge, upon adequate evidence, that the lien was diligently prosecuted on his part, the court may make an extension-of-time order or permit a trial, and if there was evidence to support such action, it will not be disturbed by this court. *Buchanon & Smock Lumber Co.* v. *Einstein,* 87 *N. J. L.* 307; 93 *Atl. Rep.* 716, following *Ennis* v. *Eden Mills Paper Co.,* 65 *N. J. L.* 577. But to permit the year to expire without either a judgment or an extension-of-time order from the court is a most dangerous proceeding. *Prima facie,* such a lien should be discharged upon application to the court.

In the present case, the year expired without a judgment and without an extension order. Nor has the claimant shown any reason why it was permitted to do so. His effort to prove diligent prosecution, if it may be so called, was confined to showing that the case appeared on the trial list as a result of notice (whose notice, not shown) at two of the terms of the year. No attempt is made to show what effort he made to have the case tried on these two occasions, nor why it in fact was not then tried; nor is any excuse offered for the entire failure of effort at the third term when the case was not even "noticed" for trial, as, for that matter, it was not for more

than a year afterward. Under this state of undisputed facts, if there had been a finding based upon them that there was diligent prosecution within the year, we would have been unable to find the evidence to support it.

But the finding was not based by the learned trial judge upon these facts, but upon what he conceived to be a waiver by the defendant-appellant in applying for a continuance when the case was down for trial more than a year after the expiration of the first year, because a principal witness, the builder, suddenly and unexpectedly left the state and it was necessary to send a commission to take his testimony. We think this was error. A waiver may be by estoppel and it may be by contract. If the latter, and not under seal, the better opinion seems to be that it must be supported by a consideration, as in case of other simple contracts. 40 *Cyc.* 263. Of course, here there was no waiver by contract. Nor are we able to find any waiver by estoppel. It might well be, as in the *Einstein Case, supra,* that defendant would be estopped from denying the claimant's diligent prosecution at a particular term when claimant had brought the case on for trial and was ready to try, by his, defendant's, own action in applying for and securing a continuance for his own convenience, and the effect of such estoppel might, under some circumstances, be considered by the trial judge as extending to and contributing to a seeming oversight in not bringing the case on for trial at the next succeeding term, as also in that case. That is a matter so intimately related to the individual circumstances of each case that the exercise by the trial judge of a reasonable discretion will not be disturbed by this court whichever conclusion he reaches. But that is not this case. Here the question was not of diligent prosecution at the April term, 1914, when defendant was compelled to seek a postponement because of the unexpected absence of his principal witness. He is, of course, estopped from denying claimant's diligent prosecution at that term. The subject here is diligent prosecution a year before that time during the period prescribed by the statute, and the question is, does defendant's application for a postponement, in 1914, estop him

from asserting the fact that the lien fell for lack of diligent prosecution a year before? We think it does not. The defendant's right to move that the lien be discharged because not diligently prosecuted could be exercised during the course of the trial quite as well as before it commenced. Consequently, there was nothing in his request for postponement inconsistent with the idea that when the trial did come on he might make such a motion. This being so, the claimant was not entitled to assume that the motion would not be made at all because not made before the postponement was asked for, and therefore there was no estoppel.

The delay of over a year after the expiration of the first year seems to be absolutely without explanation, and would, of itself, be abundant cause for discharging the lien even if there had been diligent prosecution within the year. The diligent prosecution duty does not end with the year, but continues at all times until the lien shall be reduced to judgment; and a lien claimant who has permitted his year to expire without judgment, or an extension order, in order to defeat an application for the discharge of the lien, must show diligent prosecution on his part, not only within the year, but up to the time the application is made.

Deciding, as we do, that the lien should have been discharged, it becomes unnecessary to pass upon the other points raised affecting the amount of the claim.

The judgment is reversed and the cause is remanded to the Circuit Court in order that a judgment may be entered discharging the mechanic's lien, for the reasons above indicated.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.